NO. 13-2415 _____

In The

# United States Court of Appeals

For The Fourth Circuit

MCELROY COAL COMPANY/
CONSOLIDATION COAL COMPANY, Petitioner,

v.

MIKEL C. TRADER, Respondent
and
DIRECTOR, OWCP, Party in Interest

ON PETITION FOR REVIEW OF AN ORDER OF
OF THE BENEFITS REVIEW BOARD, USDOL

BRIEF OF RESPONDENT
MIKEL C. TRADER

Heath M. Long, Esquire
Pawlowski, Bilonick & Long
603 North Julian Street
PO Box 658
Ebensburg, PA 15931-0658
(814) 472-7046

Counsel for Respondent.

TABLE OF CONTENTS

I.    Jurisdictional Statement ............................................................ 1

II.   Statement of the Issues............................................................ 2

III.  Summary of Argument ............................................................ 3

IV.   Argument ................................................................................ 4

      1.  Whether Administrative Law Judge properly

          discredited several pulmonary function studies.................. 4

V. Conclusion................................................................................ 8

# TABLE OF AUTHORITIES

## STATUTES

28 U.S.C.A. § 41. ............................................................................................ 1

30 U.S.C. § 932. ............................................................................................ 1

33 U.S.C.A. § 921 ........................................................................................... 1

## REGULATIONS

20 C.F.R. § 718 Appendix B .................................................................... 6, 7

## CASES

*Harman Min. Co. v. OWCP*, 678 F.3d 305 (4th Cir. 2012) ............................ 4

*Island Creek Coal Co. v. Compton*, 211 F.3d 203 (4th Cir. 2000). ................. 5

*Milburn Colliery Co. v. Hicks*, 138 F.3d 524 (4th Cir. 1998). ......................... 5

*Trader v. McElroy Coal*, 12-0658 BLA, page 4 (BRB 2013). ........................ 5

# I.  JURISDICTIONAL STATEMENT

The Longshore and Harbor Workers' Compensation Act states that "[a]ny person adversely affected or aggrieved by a final order of the [Benefits Review] Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside." 33 U.S.C.A. § 921(c). Right to review under § 921 of Title 33 was incorporated into the Black Lung Benefits Act via 30 U.S.C. § 932.

The Claimant in this matter was employed and subsequently injured in the state of West Virginia, which rests within the Fourth Circuit Court of Appeals' jurisdiction. 28 U.S.C.A. § 41.

## II. STATEMENT OF THE ISSUES

1. Whether Administrative Law Judge properly discredited several pulmonary function studies

## III. SUMMARY OF ARGUMENT

The Administrative Law Judge fully considered and properly discredited all pulmonary function studies. Employer's appeal amounts to nothing more than simple agreement with the ALJ's decision.

# IV. ARGUMENT

## II. Argument

### 1. Whether Administrative Law Judge properly discredited several pulmonary function studies

#### Standard of Review

In black lung cases, our review of the Board's order is limited. We review the decision to assess whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the Board and ALJ are rational and consistent with applicable law. As in all agency cases, we must be careful not to substitute our judgment for that of the ALJ. ***Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence.*** Because the ALJ is the trier of fact, we defer to the ALJ's evaluation of the proper weight to accord conflicting medical opinions. As long as substantial evidence supports an ALJ's findings, we must sustain the ALJ's decision, even if we disagree with it. We review the legal conclusions of the Board and the ALJ de novo.

*Harman Min. Co. v. Dir., Office of Workers' Comp. Programs*, 678 F.3d 305, 310

(4th Cir. 2012)(emphasis added).

#### Analysis

This appellate issue amounts to a simple disagreement with the ALJ and wholly misapplies and misunderstands the applicable law. Employer argues that the ALJ's determination that several pulmonary function tests were untrustworthy conflicts with the settled principle that all relevant evidence must be considered. However, unreliable test results are inherently irrelevant.

The ALJ held that tests conducted on January 14, 2003, April 22, 2008, October 22, 2008 and January 10, 2008 were invalid as these tests were invalidated by administering technicians and/or reviewing physicians. *Trader v. McElroy Coal*, 12-0658 BLA, page 4 (BRB 2013). Moreover, he found that these invalidations were uncontradicted by Employer. *Id.* Another test conducted on August 30, 2001 was properly invalidated because both physician and administering technician noted that miner exhibited poor effort during the test.

The Fourth Circuit Court of Appeals cannot reweigh evidence as Employer asks it to do. *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 536, 1998 WL 95275 (4th Cir. 1998). It is the province of the ALJ to evaluate the physicians' opinions. "[A]s trier of fact, the ALJ is not bound to accept the opinion or theory of any medical expert." *Island Creek Coal Co. v. Compton*, 211 F.3d 203, 211, 2000 WL 524798 (4th Cir. 2000).

In this regard, the Court of Appeals will remand a case if the ALJ's findings of fact are not supported in the record. Indeed, this is what happened in this case. The Benefits Review Board remanded the prior decision of the ALJ as he did not assess the reliability or probative value of ostensibly conflicting pulmonary function studies. ALJ DECISION AND ORDER, pg. 9. This error was corrected by ALJ on remand. *Id.* The Benefits Review Board accepted the new reasoning of the ALJ. *Trader v. McElroy Coal*, 12-0658 BLA, page 4 (BRB 2013). Now, on remand, the

5

ALJ fully explained his reasoning for discrediting said opinions and that analysis is cannot be disturbed on appeal.

The ALJ noted that the test conducted on July 31, 2001 met no specific challenge; thus he found it to be valid. The test conducted on August 30, 2001 was derailed by the administering technician and Dr. Fino who both noted poor effort by miner.[1]

---

[1] For the $FEV_1$ and FVC, use of a nose clip is required. The procedures shall be explained in simple terms to the patient who shall be instructed to loosen any tight clothing and stand in front of the apparatus. The subject may sit, or stand, but care should be taken on repeat testing that the same position be used. Particular attention shall be given to insure that the chin is slightly elevated with the neck slightly extended. The subject shall be instructed to expire completely, momentarily hold his breath, place the mouthpiece in his mouth and close the mouth firmly about the mouthpiece to ensure no air leak. The subject will than make a maximum inspiration from the instrument and when maximum inspiration has been attained, without interruption, blow as hard, fast and completely as possible for at least 7 seconds or until a plateau has been attained in the volume-time curve with no detectable change in the expired volume during the last 2 seconds of maximal expiratory effort. A minimum of three flow-volume loops and derived spirometric tracings shall be carried out. The patient shall be observed throughout the study for compliance with instructions. Inspiration and expiration shall be checked visually for reproducibility. *The effort shall be judged unacceptable when the patient:*
(A) Has not reached full inspiration preceding the forced expiration; or
(B) ***Has not used maximal effort during the entire forced expiration;*** or
(C) Has not continued the expiration for least 7 sec. or until an obvious plateau for at least 2 sec. in the volume-time curve has occurred; or
(D) Has coughed or closed his glottis; or
(E) Has an obstructed mouthpiece or a leak around the mouthpiece (obstruction due to tongue being placed in front of mouthpiece, false teeth falling in front of mouthpiece, etc.); or
(F) Has an unsatisfactory start of expiration, one characterized by excessive hesitation (or false starts). Peak flow should be attained at the start of expiration and the volume-time tracing (spirogram) should have a smooth contour revealing gradually decreasing flow throughout expiration; or
(G) Has an excessive variability between the three acceptable curves. The variation between the two largest $FEV_1$'s of the three acceptable tracings should not exceed 5 percent of the largest $FEV_1$ or 100 ml, whichever is greater. As individuals with obstructive disease or rapid decline in lung function will be less likely to achieve this degree of reproducibility, tests not meeting this criterion may still be submitted for consideration in support of a claim for black lung benefits. Failure to

The test conducted on January 14, 2003 was also discredited as the miner exhibited poor effort. ALJ DECISION AND ORDER, pg. 11. A dispute arose concerning the December 26, 2007 test. Said test was validated by Dr. Martin and Dr. Fino. However, Dr. Schaaf noted that the test was compromised as "miner did not have any two series that were within 200 milliliters of each other." Id. The ALJ properly validated the test and noted that Dr. Schaaf's invalidation was not in accord with regulation. *See supra*, FOOTNOTE 1(G). A test conducted on January 10, 2008 was properly invalidated as the post bronchodilation test results did not have good effort by miner. ALJ DECISION AND ORDER, pg. 12. A test conducted by Dr. Repsher on April 22, 2008 was discredited as lacking mandated the requisite number of tracings. 20 CFR 718.103(b). Dr. Fino conducted a test on October 22, 2008 where the miner also exhibited poor effort.  ALJ DECISION AND ORDER, pg. 13. Lastly, a test conducted by Dr. Begley met with criticism from the administration technician who noted only fair effort and from Dr. Fino and Dr. Repsher who noted invalid flow volume loops. Id. Consequently, the ALJ discharged his duty to consider all relevant evidence and make factual findings and to substantiate evidentiary rulings with explanation.

---

meet this standard should be clearly noted in the test report by the physician conducting or reviewing the test.
20 C.F.R. § 718 Appendix B (emphasis added).

Accordingly, Employer's argument is without merit.

CONCLUSION

Based on the foregoing, Claimant respectfully requests that the award of benefits be affirmed.

Respectfully submitted,

/s Heath M. Long
Heath M. Long, Esquire
PAWLOWSKI, BILONICK, & LONG
Attorney for Claimant

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

No. 13-2415        Caption: MCELROY v. TRADER

**CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)**
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[✓]   this brief contains _____1442_____ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[ ]   this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[✓]   this brief has been prepared in a proportionally spaced typeface using
Word 2007 _____ [*identify word processing program*] in
14 pt, Times New Roman _____ [*identify font size and type style*]; **or**

[ ]   this brief has been prepared in a monospaced typeface using
_____ [*identify word processing program*] in
_____ [*identify font size and type style*].

(s) Heath M. Long _____

Attorney for Respondent _____

Dated: February 18, 2014 _____

## CERTIFICATE OF SERVICE

I, hereby certify, that on April 2, 2014, using the Court's CM/ECF system, the foregoing Brief of Respondent was filed with this Court and served on the following:

> Patricia S. Connor, Clerk of the Court
> U.S. Court of Appeals for the Fourth Circuit
> Lewis F. Powell, Jr. United States Courthouse Annex
> 1100 East Main Street, Suite 501
> Richmond, VA 23219-3517
>
> William S. Mattingly, Esquire
> Jackson Kelly, PLLC
> 150 Clay Street, PO Box 619
> Suite 500
> Morgantown, WV 26501
>
> Jeffrey S. Goldberg, Esquire
> U.S. Department of Labor
> Office of the Solicitor
> 200 Constitution Avenue
> Room N-2117, NDOL
> Washington, D.C. 20210

Respectfully Submitted,

/s/Heath M. Long, Esquire
Pawlowski, Bilonick & Long
603 N. Julian Street, PO Box 658
Ebensburg, PA 15931
(814)472-7046